United States District Court
Southern District of Texas
**ENTERED**
November 09, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMADO JIMENEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-16-1866 |
| LIBERTY INSURANCE CORPORATION, | § § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court are Plaintiff's Motion to Set Aside Appraisal Award (Document No. 44) and Defendant Liberty Insurance Corporation's Motion for Summary Judgment (Document No. 41). Having considered the motions, submissions, and applicable law, the Court determines Plaintiff's motion should be denied and Defendant's motion should be granted.

### I. BACKGROUND

This is an insurance dispute arising from a claim made by Plaintiff Amado Jimenez ("Jimenez") on an insurance policy. Jimenez owns property in Missouri City, Texas (the "Property")[1] that is insured under a Texas Homeowner's Policy (the "Policy") issued by Defendant Liberty Insurance Corporation ("Liberty"). On

---

[1] The Property is specifically located at 9510 Crosby Way., Missouri City, Texas 77459.

August 31, 2015, and October 31, 2015, storms allegedly damaged the Property. On September 8, 2015, Jimenez filed an insurance claim with Liberty against the Policy based on the alleged damage to the Property resulting from the August 31, 2015 storm. On September 14, 2015, Liberty inspected the Property, estimating the amount of loss at $1,046.72—significantly below Jimenez's $3,399.00 deductible under the Policy. Liberty subsequently provided Jimenez with a copy of the estimate and explained that, because the estimated amount of loss was below the Policy's deductible, Liberty would not issue Jimenez a payment. On November 9, 2015, Jimenez filed another insurance claim with Liberty against the Policy based on the alleged damage to the Property resulting from the October 31, 2015 storm. On November 12, 2015, Liberty inspected the Property and found that, aside from the damage discovered during Liberty's September 14, 2015 inspection, there was no damage to the Property. Liberty subsequently provided Jimenez with a copy of the estimate and explained that no new damages were found.

On May 6, 2015, Jimenez filed this lawsuit in the 268th District Court of Fort Bend County, Texas, asserting claims against Liberty for breach of contract, common law bad faith, violations of the Texas Insurance Code and Deceptive Trade Practices Act ("DTPA"), and misrepresentation. On June 6, 2016, Liberty removed the case to this Court. On September 19, 2016, Liberty invoked the Policy's appraisal provision (the "Appraisal Provision"). Pursuant to the Appraisal

Provision, Jimenez and Liberty each subsequently hired appraisers who were ultimately unable to agree on the amount of loss resulting from the alleged August 31, 2015 and October 31, 2015 storm damage to the Property. On February 24, 2017, the Court appointed an Umpire, and, on July 12, 2017, the Umpire issued an appraisal award (the "Appraisal Award"), assigning a recoverable cash value of $6,067.37 and recoverable depreciation of $1,092.13, yielding an actual cash value of $4,975.24 for Jimenez's loss. On July 25, 2017, Liberty issued payment of $1,576.24 to Jimenez, calculated as the actual cash value of the Appraisal Award, less the Policy's deductible. Liberty also informed Jimenez that he could receive the $1,092.12 in depreciation after Jimenez completed the repairs to the Property and submitted proof to Liberty. On August 15, 2017, Liberty moved for summary judgment on all of Jimenez's claims. On September 18, 2017, Jimenez moved to set aside the Appraisal Award.

## II. STANDARD OF REVIEW

*A.     Motion to Set Aside Appraisal Award*

It is well-settled law in Texas that "appraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award." *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch.*

3

*Dist.*, 877 S.W.2d 872, 875 (Tex. App.—San Antonio 1994, no writ)). However, an otherwise binding appraisal award may be disregarded "(1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy." *Providence*, 877 S.W.2d at 875–76. The burden of proof is on the party seeking to avoid the award. *Franco*, 154 S.W.3d at 786 (citing *Barnes v. Western Alliance Ins. Co.*, 844 S.W.2d 264, 267 (Tex. App.—Fort Worth 1994, writ dism'd)).

B.   *Motion for Summary Judgment*

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings,

but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

A. *Jimenez's Motion to Set Aside Appraisal Award*

Jimenez seeks to set aside the Appraisal Award, contending (1) the Umpire did not have authority to make the Appraisal Award; and (2) the Appraisal Award was the result of mistake.[2] The Court addresses each contention in turn.

1. *Authority*

Jimenez contends the Umpire did not have the authority to issue the Appraisal Award because the Umpire failed to (1) inspect the Property or discuss the appraisers' respective differences with the appraisers; or (2) obtain the appraisers' respective differences. Defendant contends the Umpire did not exceed his authority in issuing the Appraisal Award. "An appraiser's acts in excess of the authority conferred upon him by the appraisal agreement are not binding on the parties." *Fisch v. Transcon. Ins. Co.*, 356 S.W.2d 186, 190 (Tex. Civ. App.—Houston 1962, writ ref'd). The relevant language of the Appraisal Provision provides: "If [the respective designated appraisers] fail to agree, they will submit

---

[2] In a subheading in Jimenez's motion to set aside the appraisal award, Jimenez also alleges that the Appraisal Award was the result of fraud or accident. However, Jimenez offers no specific allegations or evidence of fraud or accident with regard to the Appraisal Award. The Court therefore finds Jimenez has failed to meet his burden of establishing the Appraisal Award was the result of fraud or accident.

6

their differences to the umpire. A decision agreed to by any two will set the amount of the loss."[3] Thus, to be valid, an appraisal award issued pursuant to the Appraisal Provision requires: (1) a disagreement between the parties' appraisers; (2) the parties' appraisers submit their respective differences to the Umpire; and (3) the Umpire reach a decision that is agreed by any one of the two designated appraisers.

The first and third requirements are undisputed: the parties' appraisers failed to agree on a loss amount and Defendant's appraiser agreed with the Umpire's ultimate decision. Nothing in the Appraisal Provision requires the Umpire to inspect the Property or discuss the appraisers' submitted differences with the appraisers. Thus, Jimenez's allegation that the Umpire failed to inspect the Property or confer with the appraisers is insufficient to establish the Umpire lacked authority to issue the Appraisal Award. Regarding the second requirement of the Appraisal Provision, Jimenez alleges—but offers no evidence—that the Umpire did not obtain the appraisers' respective differences. The affidavit of Jimenez's appraiser, Randall Smith, complains of the Umpire's alleged failure to inspect the Property or discuss the conflicting appraisals but does not assert that the

---

[3] *Defendant Liberty Insurance Corporation's Motion for Summary Judgment*, Document No. 41, Exhibit A at 19 (*Policy*).

differences in appraisals were not submitted to the Umpire.[4] Rather, the evidence indicates each party submitted their respective appraisal differences to the Umpire.[5] Jimenez has thus failed to meet his burden in establishing the Umpire acted outside of the authority conferred on him by the Policy in issuing the Appraisal Award.[6]

2. *Mistake*

Jimenez contends the Appraisal Award was the result of mistake because (1) the Umpire failed to inspect the Property or discuss the differences with the respective appraisers; (2) the Umpire did not obtain the differences from the respective appraisers; and (3) the Appraisal Award did not contain photos, a report, or an itemized list of damages. Defendant contends the Appraisal Award was not the result of mistake. "A court may set aside an award on the ground of mistake . . . only upon a showing that the award does not speak the intention of the appraisers." *MLCSV10 v. Stateside Enter., Inc.*, 866 F. Supp. 2d 691, 702 (S.D. Tex. 2012)

---

[4] *Plaintiff's Motion to Set Aside Appraisal Award*, Document No. 44, Exhibit A at 1–2 (*Affidavit of Smith*).

[5] *See Defendant Liberty Insurance Corporation's Response to Plaintiff's Motion to Set Aside Appraisal Award*, Document No. 47, Exhibits A (*Policy*), B (*Correspondence*).

[6] Jimenez also contends the Appraisal Award should be set aside because it was not made in substantial compliance with the Appraisal Provision. However, as discussed *supra* Part III.A.1, above, there is no evidence that the Umpire did not comply with the Appraisal Provision in issuing the Appraisal Award. The Court therefore finds Jimenez has failed to meet its burden in establishing the Umpire did not comply with the Appraisal Provision.

(Rosenthal, J.) (quoting *Providence Wash. Ins. Co. v. Farmers Elevator Co.*, 141 S.W.2d 1024, 1026 (Tex. Civ. App.—Amarillo 1940, no writ)). "'Mistake' in this context has a narrowly defined meaning: an actionable 'mistake' is one that caused an award to operate in a way the appraisers did not intend." *Garcia v. Lloyds*, 514 S.W.3d 257, 269 (Tex. App.—San Antonio 2016, pet. denied). The true question in such cases is whether "the appraisers and umpire were laboring under a mistake of fact by which their appraisal award was made to operate in a way they did not intend . . . ." *Id.*; *see also Providence Wash. Ins.*, 141 S.W.2d at 1027 (quoting *Gulf Insurance Co. v. Pappas*, 73 S.W.2d 145, 146 (Tex. Civ. App.—San Antonio 1934, writ ref'd)).

First, the fact that the Umpire did not inspect the Property or discuss the differences with the appraisers is not evidence that the appraisers and the Umpire were operating under a mistake of fact. Second, as discussed *supra* Part III.A.1, Jimenez presents no evidence to rebut Defendant's evidence indicating the parties submitted their differences to the Umpire. Third, the plain language of the Appraisal Provision does not require the Appraisal Award to contain photos, a report, or an itemized list of damages. Nor is the absence of such information evidence of mistake. The Court therefore finds Jimenez has failed to meet his burden in establishing the Appraisal Award was the result of the mistake. Accordingly, Jimenez's motion to set aside the Appraisal Award is denied.

B.  *Defendant's Motion for Summary Judgment*

Having denied Jimenez's motion to set aside the Appraisal Award, the Court turns to Defendant's motion for summary judgment. Jimenez's lawsuit asserts claims against Defendant for breach of contract, common law bad faith, violations of the Texas Insurance Code and DTPA, and misrepresentation.[7] Defendant seeks summary judgment on all of Jimenez's claims, contending they are precluded by Defendant's timely payment of the Appraisal Award. The Court first addresses Jimenez's breach of contract claim, then turns to the Extra-Contractual Claims.

*1.  Breach of Contract*

Defendant contends Jimenez is estopped from bringing a breach of contract claim because Defendant made a timely payment of the Appraisal Award. Jimenez contends he is not estopped from bringing a breach of contract claim. "Under Texas law, when an insurer makes timely payment of a binding and enforceable appraisal award, and the insured accepts the payment, the insured is estopped by the appraisal award from maintaining a breach of contract claim against the insurer." *Blum's Furniture Co. v. Certain Underwriters at Lloyd's London*, 459 F. App'x 366, 368 (5th Cir. 2012). "By payment of the full amount of an appraisal award, the insurer 'complies with every requirement of the contract, and it cannot

---

[7] The Court refers to Jimenez's claims of common law bad faith, violations of the Texas Insurance Code and DTPA, and misrepresentation, collectively, as the "Extra-Contractual Claims."

be found to be in breach.'" *Anderson v. Am. Risk Ins. Co.*, No. 01–15–00257–CV, 2016 WL 3438243, at *4 (Tex. App.—Houston [1st Dist.] June 21, 2016, no pet.) (quoting *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied)).

The parties do not dispute Defendant timely paid the full Appraisal Award after accounting for the deductible, and, as discussed *supra* Part III.A.1, the Appraisal Award was reached in accordance with the terms of the Appraisal Provision. Jimenez contends that, regardless of the Appraisal Award, Defendant breached the Policy by (1) paying the Appraisal Award after the contractual time period under which Jimenez could recover depreciation; and (2) withholding recoverable depreciation. However, Jimenez is estopped from relying on the delay caused by the appraisal process as a basis for his breach of contract claim.[8] *See id.* (finding the fact that an insurance company did not pay the amount of the appraisal award earlier was not sufficient to withstand summary judgment (citing *Graber v. State Farm Lloyds*, No. 3:13–CV–2671–B, 2015 WL 3755030, at *4 (N.D. Tex. June 15, 2015) (Boyle, J.))). Nor can Jimenez support his breach of contract claim with an allegation that he was underpaid. *See id.* The Court thus finds Jimenez is estopped from pursuing a breach of contract claim against Defendant. Accordingly,

---

[8] The Court notes Defendant extended the time period under which Jimenez could recover depreciation.

Defendant's motion for summary judgment is granted as to Jimenez's breach of contract claim.

2.  *Extra-Contractual Claims*

Defendant seeks summary judgment on the Extra-Contractual Claims, contending they are precluded by the Appraisal Award. Jimenez contends the Extra-Contractual Claims are not precluded. Generally, under Texas law, "because timely and full payment of an appraisal award precludes a breach of contract claim, extra-contractual claims for fraud, bad faith, and violations of the DTPA and Texas Insurance Code also fail." *Losciale v. State Farm Lloyds*, Civil Action No. 4–17–0016, 2017 WL 3008642, at *2 (S.D. Tex. July 14, 2017) (Atlas, J.); *see also Nat'l Security Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 847–48 (Tex. App.—Houston [14th Dist.] May 23, 2017, no pet.). However, an extra-contractual claim may proceed if the alleged "statutory violation or bad faith . . . cause[s] an injury that is independent from the loss of benefits." *Hurst*, 523 S.W.3d at 848 (citing *USAA Tex. Lloyds Co. v. Menchaca*, No. 14–0721, 2017 WL 1311752, at *11–12 (Tex. Apr. 7, 2017)). For an extra-contractual claim to proceed, the independent injury must be one that does not "flow or stem from the denial of policy benefits." *Id.* Recently, in *USAA Texas Lloyds Company v. Menchaca*, The Texas Supreme Court recognized that such an independent-injury claim "would be rare, and we in fact have yet to encounter one." 2017 WL 1311752, at *12.

Having found that Defendants timely paid the full Appraisal Award, Jimenez is precluded from bringing the Extra-Contractual Claims unless he can show an injury independent from the alleged loss of benefits. Jimenez does not contend an independent injury exists. Rather, Jimenez contends an independent injury is not necessary based on the so-called "entitled-to-benefits rule," articulated by the Texas Supreme Court in *Menchaca*. Under the entitled-to-benefits rule, "an insured who establishes a right to receive benefits under an insurance policy can recover those benefits as actual damages under the statute if the insurer's statutory violation causes the loss of the benefits." *Id.* at *7. However, *Menchaca* did not involve the payment of an appraisal award. When, an appraisal award is timely paid, an insured's right to receive policy benefits is satisfied and, "therefore, there is no 'loss of benefits.'" *Losciale*, 2017 WL 3008642, at *3. The Court therefore finds *Manchaca* does not allow Jimenez to pursue the Extra-Contractual Claims following Defendant's full and timely payment of the Appraisal Award. Thus, Jimenez is precluded from bringing the Extra-Contractual Claims. Accordingly, Defendant's motion for summary judgment is granted as to the Extra-Contractual Claims.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion to Set Aside Appraisal Award (Document No. 44) is **DENIED**. The Court further

**ORDERS** that Defendant Liberty Insurance Corporation's Motion for Summary Judgment (Document No. 41) is **GRANTED.**

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, on this __9__ day of November, 2017.

_____
DAVID HITTNER
United States District Judge